Brown Raysman Millstein Felder & Steiner LLP
Joel L. Finger (admitted *pro hac vice*)
900 Third Avenue
New York, New York 10022
(212) 895-2000

Anderson Greenfield & Dougherty Ltd.
Marjorie E. Greenfield, Esq. (09240)
4163 Ridge Avenue, 1st Floor
Philadelphia, PA 19129
(215) 713-0789

Attorneys for Defendant McDonald's Corporation

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------- X
EMILY M. SCORDELLIS,                           :
                            Plaintiff,   :
                                     :   **ANSWER TO THE COMPLAINT**
   - vs -                         :
                                     :   Civil Action No. 02-CV-02670
MC DONALD'S CORPORATION, INC.,     :
                                     :
                        Defendant.    :
------------------------------------------------------- X

      Defendant McDonald's Corporation ("McDonald's"), incorrectly sued herein as McDonald's Corporation, Inc., by its attorneys, Brown Raysman Millstein Felder & Steiner LLP and Anderson Greenfield & Dougherty, LTD, as and for its Answer to Plaintiff's Complaint ("Complaint"), alleges as follows:

# COMPLAINT

## PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and therefore denies those allegations, except admits that Plaintiff is a female.

2. Admits the allegations set forth in Paragraph 2 of the Complaint.

3. Admits the allegations set forth in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Admits the allegations set forth in Paragraph 4 of the Complaint.

5. Admits the allegations set forth in Paragraph 5 of the Complaint.

6. Denies that this Court has jurisdiction over each and every cause of action and denies that McDonald's engaged in any unlawful conduct with respect to the Plaintiff. McDonald's admits that Plaintiff contends that her cause of action arises under the laws of both the United States and the Commonwealth of Pennsylvania, that the Court has jurisdiction of this matter under Title VII and that Plaintiff asks the Court to exercise pendent jurisdiction based on the case set forth in Paragraph 6 of the Complaint.

7. Denies the allegations set forth in Paragraph 7 of the Complaint, except admits that Plaintiff claims that there were unlawful employment practices within the Eastern District of Pennsylvania.

8. Admits the allegations set forth in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and therefore denies those allegations.

## STATEMENT OF FACTUAL ALLEGATIONS

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff's age on or about June 26, 1998, and therefore denies the allegation, and admits that Plaintiff was hired by Defendant as a crew member on or about June 23, 1998.

11. Because Plaintiff was not employed by McDonald's in June 2000, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and therefore denies the allegations.

12. Denies the allegations set forth in Paragraph 12 of the Complaint.

13. Denies the allegations set forth in Paragraph 13 of the Complaint.

14. Denies the allegations set forth in Paragraph 14 of the Complaint.

15. Denies the allegations set forth in Paragraph 15 of the Complaint.

16. Denies the allegations set forth in Paragraph 16 of the Complaint.

17. Denies the allegations set forth in Paragraph 17 of the Complaint.

18. Denies the allegations set forth in Paragraph 18 of the Complaint.

19. Denies the allegations set forth in Paragraph 19 of the Complaint.

20. Denies the allegations set forth in Paragraph 20 of the Complaint.

## STATEMENT OF CLAIMS

### COUNT I
### TITLE VII DISCRIMINATORY CONSTRUCTIVE DISCHARGE

21. Admits that Plaintiff incorporates by reference Paragraphs 1 to 20 of the Complaint. McDonald's repeats its responses to Paragraphs 1 to 20 of the Complaint.

22. Admits the allegations set forth in Paragraph 22 of the Complaint.

23. 42 U.S.C.S Section 2000e-2(a)(1) being a writing, speaks for itself.

24. 42 U.S.C.S. Section 2000e-2(a)(2) being a writing, speaks for itself.

25. 42 U.S.C.S. Section 2000e-2(d) being a writing, speaks for itself.

26. 42 U.S.C.S. Section 2000e-2(m) being a writing, speaks for itself.

27. 29 C.F.R. Section 1604.11 being a writing, speaks for itself.

28. 42.U.S.C. § 2000e-2(a) being a writing, speaks for itself.

29. Denies the allegations set forth in Paragraph 29 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age.

30. Denies the allegations set forth in Paragraph 30 of the Complaint.

31. Denies the allegations set forth in Paragraph 31 of the Complaint.

32. Denies the allegations set forth in Paragraph 32 of the Complaint.

33. Denies the allegations set forth in Paragraph 33 of the Complaint.

34. Denies the allegations set forth in Paragraph 34 of the Complaint.

35. Denies the allegations set forth in Paragraph 35 of the Complaint.

36. Denies the allegations set forth in Paragraph 36 of the Complaint.

37. Denies the allegations set forth in Paragraph 37 of the Complaint.

38. Denies the allegations set forth in Paragraph 38 of the Complaint.

39. Denies the allegations set forth in Paragraph 39 of the Complaint, except admits that Plaintiff claims that she was treated differently because of her sex.

40. Denies the allegations set forth in Paragraph 40 of the Complaint.

41. Denies the allegations set forth in Paragraph 41 of the Complaint.

42. Denies the allegations set forth in Paragraph 42 of the Complaint.

43. Denies the allegations set forth in Paragraph 43 of the Complaint.

44. Denies the allegations set forth in Paragraph 44 of the Complaint.

45. Denies the allegations set forth in Paragraph 45 of the Complaint.

46. Denies the allegations set forth in Paragraph 46 of the Complaint.

47. Denies the allegations set forth in Paragraph 47 of the Complaint.

48. Denies the allegations set forth in Paragraph 48 of the Complaint.

49. Denies the allegations set forth in Paragraph 49 of the Complaint.

50. Denies the allegations set forth in Paragraph 50 of the Complaint.

51. Denies the allegations set forth in Paragraph 51 of the Complaint.

52. Denies the allegations set forth in Paragraph 52 of the Complaint.

53. Denies the allegations set forth in Paragraph 53 of the Complaint.

54. Denies the allegations set forth in Paragraph 54 of the Complaint.

55. Denies the allegations set forth in Paragraph 55 of the Complaint.

56. Denies the allegations set forth in Paragraph 56 of the Complaint.

57. Denies the allegations set forth in Paragraph 57 of the Complaint.

58. Denies the allegations set forth in Paragraph 58 of the Complaint.

59. Denies the allegations set forth in Paragraph 59 of the Complaint.

60. Denies the allegations set forth in Paragraph 60 of the Complaint.

61. 42 U.S.C.S. Section 2000e-5 being a writing, speaks for itself.

62. 42 U.S.C.S. Section 1981 being a writing, speaks for itself.

63. Denies the allegations set forth in Paragraph 63 of the Complaint.

64. Denies the allegations set forth in Paragraph 64 of the Complaint.

65. Denies the allegations set forth in Paragraph 65 of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

66. 42 U.S.C.S Section 1988 and 42 U.S.C.S. Section 2000e-5(k) being writings, speak for themselves.

67. 42 U.S.C.S. Section 2000e-5 being a writing, speaks for itself.

68. 42 U.S.C.S. Section 2000e-2 and e-5 being writings, speak for themselves.

69. Denies the allegations set forth in Paragraph 69 of the Complaint.

70. Denies the allegations set forth in Paragraph 70 of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

71. Denies the allegations set forth in Paragraph 71 of the Complaint.

72. 42 U.S.C.A Sections 2000e to 2000e-15 being writings, speak for themselves.

73. Denies the allegations set forth in Paragraph 73 of the Complaint.

74. Denies the allegations set forth in Paragraph 74 of the Complaint.

75. Denies the allegations set forth in Paragraph 75 of the Complaint.

76. Denies the allegations set forth in Paragraph 76 of the Complaint.

77. Denies that Plaintiff is entitled to any relief, including the relief set forth in the "Wherefore Clause" following Paragraph 76 of the Complaint.

## COUNT II
## TITLE VII HOSTILE WORK ENVIRONMENT

78. In response to Paragraph 77 of the Complaint, admits that Plaintiff incorporates by reference Paragraphs 1 to 76 of the Complaint. McDonald's repeats its responses to Paragraphs 1 to 76 of the Complaint.

79. Denies the allegations set forth in Paragraph 78 of the Complaint.

80. Denies the allegations set forth in Paragraph 79 of the Complaint.

81. Denies the allegations set forth in Paragraph 80 of the Complaint.

82. Denies that Plaintiff is entitled to any relief, including the relief set forth in the "Wherefore Clause" following Paragraph 80 of the Complaint.

## COUNT III
## VIOLATION OF THE PENNSYLSVANIA HUMAN RELATIONS ACT

83. In response to Paragraph 81 of the Complaint, admits that Plaintiff incorporates by reference Paragraphs 1 to 80 of the Complaint. McDonald's repeats its responses to Paragraphs 1 to 80 of the Complaint.

84. Denies the allegations set forth in Paragraph 82 of the Complaint.

85. Denies the allegations set forth in Paragraph 83 of the Complaint.

86. Denies the allegations set forth in Paragraph 84 of the Complaint.

87. Denies that Plaintiff is entitled to any relief, including the relief set forth in the "Wherefore Clause" following Paragraph 84 of the Complaint.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

88. In response to Paragraph 85 of the Complaint, admits that Plaintiff incorporates by reference Paragraphs 1 to 84 of the Complaint. McDonald's repeats its responses to Paragraphs 1 to 84 of the Complaint.

89. Denies the allegations set forth in Paragraph 86 of the Complaint.

90. Denies the allegations set forth in Paragraph 87 of the Complaint.

91. Denies the allegations set forth in Paragraph 88 of the Complaint.

92. Denies the allegations set forth in Paragraph 89 of the Complaint.

93. Denies the allegations set forth in Paragraph 90 of the Complaint.

94. Denies the allegations set forth in Paragraph 91 of the Complaint.

95. Denies the allegations set forth in Paragraph 92 of the Complaint.

96. Denies the allegations set forth in Paragraph 93 of the Complaint.

97. Denies that Plaintiff is entitled to any relief, including the relief set forth in the "Wherefore Clause" following Paragraph 93 of the Complaint.

## DEFENSES

**FIRST DEFENSE**

98. The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

99. Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations.

**THIRD DEFENSE**

100. Plaintiff fails to state a claim for sexual harassment against McDonald's because the facts alleged regarding sexual harassment set forth in the Complaint are not severe or pervasive enough to alter her conditions of employment and do not constitute a hostile or abusive working environment.

**FOURTH DEFENSE**

101. Assuming, *arguendo*, that Plaintiff was sexually harassed by Joseph Trowery, McDonald's is not liable because Plaintiff failed to take advantage of McDonald's well-publicized policy prohibiting sexual harassment.

**FIFTH DEFENSE**

102. Assuming, *arguendo*, that Plaintiff was sexually harassed by Mr. Trowery, punitive damages should not be imposed on McDonald's because McDonald's made a good-faith effort to comply with applicable anti-discrimination laws.

**SIXTH DEFENSE**

103. McDonald's cannot be held liable for the period during which it was not Plaintiff's employer.

**SEVENTH DEFENSE**

104. All actions taken by Defendant with respect to Plaintiff were based on legitimate, non-discriminatory business reasons and were made in good faith compliance with all applicable laws, without malice, and wholly without regard for Plaintiff's sex.

**EIGHTH DEFENSE**

105. Plaintiff failed to mitigate damages.

**NINTH DEFENSE**

106. Plaintiff is not entitled to a jury trial or punitive damages for her claims brought pursuant to the Pennsylvania Human Relations Act.

**TENTH DEFENSE**

107. Plaintiff failed to exhaust her administrative remedies.

**ELEVENTH DEFENSE**

108. McDonald's reserves the right to raise any and all defenses that may become evident during discovery or during any other proceeding in this action.

WHEREFORE, Defendant McDonald's Corporation respectfully requests this Court to enter an Order: (a) dismissing the Complaint with prejudice; (b) awarding Defendant McDonald's Corporation its costs and expenses incurred herein, including reasonable attorneys' fees; and (c) granting such other relief as to the Court seems just and proper.

Dated: June 18, 2002

                                      Respectfully submitted,

                                      Marjorie E. Greenfield, Esq. (09240)
By:   _____
                                      Anderson Greenfield & Dougherty, Ltd.
                                      4163 Ridge Avenue, 1st Floor
                                      Philadelphia, PA 19129
                                      (215) 713-0789

                                      Brown Raysman Millstein Felder & Steiner LLP
                                      Joel L. Finger (admitted *pro hac vice*)
                                      900 Third Avenue
                                      New York, New York 10022
                                      (212) 895-2000

                                      Attorneys for Defendant McDonald's Corporation

## DECLARATION OF SERVICE

    I declare that I have caused a true and correct copy of the Answer to the Complaint to be served by Federal Express, next business day, on June 18, 2002, upon Ernest Sasso, Esq., attorney for Plaintiff, at 650 Sentry Parkway, Suite One, Blue Bell, Pennsylvania 19422-2318.

    Dated: June 18, 2002

                                                              _____
                                                              Patricia Le Goff